# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

ANGELA LYNNE HASCH,      )
                                   )
            Plaintiff,      )
                                   )
      vs.               )        CAUSE NO. 1:19CV150-PPS
                                   )
ANDREW M. SAUL,      )
Commissioner of Social Security,      )
                                   )
           Defendant.      )

## OPINION AND ORDER

Angela Hasch is a 32-year-old woman whose schooling ended in the 9th Grade, who has never had a job, and who is morbidly obese, weighing 350 pounds or more at a height of approximately 5'10". At age 28, she filed an application with the Social Security Administration seeking what are called child's insurance benefits based on disability, as well as an application for supplemental security income. To be eligible for child's insurance benefits, Hasch must have had a disability that began before the age of 22. [AR at 13, citing 20 C.F.R. §404.350(a)(5); *see also* §202(d)(1)(B)(ii).][1] She alleges a disability onset date of January 1, 2006, when she was 18 years old. An administrative law judge found that Hasch has a number of severe impairments: bilateral carpal tunnel syndrome (for which she has had release surgery on both wrists), cubital tunnel syndrome in her left elbow, left lateral epicondylitis (sometimes called tennis elbow),

---

[1] The administrative record [AR] is found in the court record at docket entry 12, and consists of a total of 947 pages. I cite to the pages of this AR according to the Social Security Administration's Bates stamp numbers rather than the court's Electronic Case Filing page number.

type 2 diabetes mellitus, neuropathy, asthma, obstructive sleep apnea, and obesity. [AR at 14.] Hasch's application was denied based on the ALJ's determination that she had the residual functional capacity to perform light work, subject to certain limitations, and that there are jobs in significant numbers in the national economy that Hasch can perform. [AR at 17, 20.] In this appeal, Hasch offers two challenges to the ALJ's determination.

## Discussion

My review of the Commissioner's decision is deferential. I must affirm it if it is supported by substantial evidence, meaning "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (citation omitted). The role of the courts is "extremely limited," and I am "not allowed to displace the ALJ's judgment by reconsidering facts or evidence, or by making independent credibility determinations." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). I can't reweigh the evidence or substitute my judgment for that of the ALJ. *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015). But these standards do not mean that I "will simply rubber-stamp the Commissioner's decision without a critical review of the evidence." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000).

When considering the evidence, "an ALJ is not required to provide a complete and written evaluation of every piece of testimony and evidence, but 'must build a logical bridge from the evidence to his conclusion.'" *Minnick*, 775 F.3d at 935, quoting *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005). This means that an ALJ's decision

must offer an explanation of the rationale from the evidence to his or her conclusions "sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014).

In determining Hasch's RFC, the ALJ concluded that she can "occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl...." [AR at 17.] Hasch argues that this finding fails to adequately take into account her obesity. But the ALJ's decision offers reassurances that Hasch's obesity was, in fact, given all due consideration: "there is no specific listing for obesity but this has been fully considered consistent with Social Security Ruling 02-1p, which clarifies that obesity can cause limitations of functions, such as sitting, standing, walking, lifting, carrying, pushing, pulling, climbing, balancing, stooping, and crouching...." [AR at 17.] The ALJ goes on to represent that "[t]he claimant's severe obesity (with a body mass index ranging from about 44 to 56) has been considered in assessing whether the listings are met or equaled, as well as in assessing the claimant's residual functional capacity." [*Id.*]

Hasch cites to very limited medical evidence supporting her claim for greater limitations based on her obesity, namely the notes of a consultative examiner that her "tandem walking was somewhat difficult due to body habitus. Squats ½ way down. ROM reveals deficits in the lower back." [AR at 588.] The ALJ did not overlook this evidence, as he cited it in his summation of the medical record. [AR at 19.] The same consultative examiner's notes also include these observations: "Gait is generally

normal; station erect.  No assistive device.  She is able to walk on heels and toes[.]...No signs of joint swelling, effusion or instability.  Gait speed fair; appears fairly sustainable. No signs of tripping or stumbling."  [*Id.*]  This evidence supports the ALJ's statement that "the record reflects that, since the alleged onset date, the claimant's physical examination findings have been largely within normal limits[.]"  [AR at 19.]

The Commissioner rightly opposes Hasch's argument for "fail[ing] to specify what, if any, additional limitations were warranted by the medical evidence" and failing to explain how the consultative medical examiner's report (which Hasch quotes) required more restrictive limitations in the RFC."  [DE 15 at 4.]  As the ALJ noted: "there are no other medical opinions of record to support a more restrictive assessment of the claimant's residual functional capacity since the alleged onset date than acknowledged by the undersigned."  [AR at 20.]  Hasch also fails to cite any hearing testimony to dispute the ALJ's determination that she is capable of occasionally balancing, crawling or stooping.

Instead of pointing to medical evidence or even testimony, Hasch blusters. She tells me that the limitations imposed by the RFC are "absurd" and illogical. DE 14 at 15. She then says that "[i]t defies logic that a person such as Plaintiff could balance or stoop or kneel or crouch or crawl etc. up to one third, i.e. 2 hours and 40 minutes of an 8-hour workday."  [DE 14 at 14, referring to Dictionary of Occupational Titles, Appendix C, providing that "occasionally" means up to 1/3 of the time.]  Further Hasch argues that "[i]t also defies logic that a person who could only squat one half of the way down

4

could even get into crawling position." But, of course, counsel's exhortations are not evidence.

With no actual evidence to point to, Hasch turns to other cases for help. In particular, she relies heavily on my opinion remanding to the Commissioner in *Adams v. Berryhill*, 1:18CV291, 2019 WL 2591016 (N.D.Ind. June 24, 2019). Adams was also morbidly obese with a BMI of about 57.2. *Id*. at *2. Represented by the same counsel as Hasch, Adams also argued that the ALJ's RFC finding that she could occasionally stoop, kneel, crouch or crawl "defies logic," particularly in view of a clinical finding that Adams could only partially squat. *Id*. I concluded that there was not a logical bridge between the medical record and the ALJ's decision, as I could not "figure out how the ALJ determined Adams is capable of the standing, walking, and even occasional crawling, stooping, and crouching presently set forth in the RFC." *Id*. at *4.

The Commissioner distinguishes Adams based on that claimant's higher BMI and more severe mobility difficulties, requiring the use of a wheelchair or scooter for trips outside the home, such as for shopping. [*Id*. at *2.] It goes without saying that every case must be decided on its own facts. Unlike Adams, Hasch does not challenge the ALJ's conclusion that she is capable of the standing and walking required to perform light work. By contrast, in addition to the challenges presented by extreme obesity, Adams had other severe impairments different from Hasch's, which included Ehlers-Danlos syndrome, degenerative disc disease, postural dizziness, and knee osteoarthritis, all of which could impact the ability to stand and walk. The common

element of extreme obesity does not make the two cases parallel. Because she is unable to offer a compelling argument that she is like Adams in all relevant respects, Hasch's reliance on my *Adams* decision does not require remand here.

Judicial appeal is not an opportunity for a de novo determination of disability; it's an opportunity to demonstrate reversible error by the ALJ below. This requires an argument demonstrating what the error was, including why something else should have been done or decided. Because there is so little in the medical record relevant to the impact of Hasch's obesity on postural limitations, Hasch does not persuasively support her argument that the ALJ's RFC did not adequately take the issue into account. A claim that obesity "must" impact functional capacity invites me to "play doctor," something claimants strenuously criticize in other contexts. Where medical records do not "separately report any limitations due to obesity," an ALJ is right not to "speculate on additional functional effects of obesity unsupported by the record." *Stephens v. Berryhill*, 888 F.3d 323, 328 (7th Cir. 2018).

Given the ALJ's recognition of Hasch's obesity and the limited medical evidence about it, I "cannot say that he failed to 'articulate at some minimal level his analysis of the evidence,'... or that [I] simply 'don't know what he thought.'" *Brown v. Colvin*, 845 F.3d 247, (7th Cir. 2016), quoting *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994), and *Barrett v. Barnhart*, 355 F.3d 1065, 1068 (7th Cir. 2004). Hasch "does not identify any evidence in the record that suggests greater limitations from her obesity than those identified by the ALJ, and neither does she explain how her obesity exacerbated her

underlying impairments." *Shumaker v. Colvin*, 632 Fed.Appx. 861, 867 (7th Cir. 2015).

"Thus, even if the ALJ had erred in considering how Shumaker's obesity affects her

ability to work, that error would be harmless." *Id.*, citing *Prochaska v. Barnhart*, 454 F.3d

731, 736-37 (7th Cir. 2006); *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004). Even

where an ALJ fails entirely to mention a claimant's obesity, the error is harmless where

the applicant does not explain how obesity hampers her ability to work, and where the

medical record contains little discussion of the applicant's weight. *Stepp v. Colvin*, 795

F.3d 711, 720 (7th Cir. 2015).

Hasch's other argument for reversal is that the ALJ failed to build a logical

bridge to his conclusions in relation to her various hand, wrist and elbow impairments'

impact on her residual functional capacity. As with her obesity, Hasch fails to explain

*how* these impairments, which the ALJ fully acknowledged, hamper her ability to work.

The ALJ recognized that Hasch's severe impairments include post-surgical carpal

tunnel syndrome in both wrists, left cubital tunnel syndrome, and left lateral

epicondylitis. [AR at 14.] His review of her medical treatment for these conditions

captures all that Hasch cites in support of her argument here, and the ALJ also

considered her testimony before him concerning manipulative difficulties. [AR at 18;

DE 14 at 17-18.] But the ALJ also notes that: "There is no evidence in the record that

she has any muscle atrophy or significant deficits in muscle strength, reflexes, grip

strength, or fine finger manipulative ability. Her grip and muscle strength were

generally graded, at worst, at '4' out of '5' (other than by various physical/occupational

therapy staff at times)[.]" [AR at 19.] The medical evidence does not support any determination that Hasch's ability to handle, finger or feel are hampered by her medical condition, but only that she has neuropathy that results in some altered sensation (numbness and tingling).

To the extent Hasch relies on her testimony in support of manipulative limitations, the ALJ acknowledged and considered that testimony, but also noted that the record reflects that Hasch is able to "work on getting her GED, care for her personal needs independently, use a microwave oven, wash some dishes, do her own laundry, ...use a phone to call or text others, and check her blood sugar level." [AR at 19.] The ALJ's decision shows that he was aware of and considered Hasch's various medical issues involving her elbows, wrists and hands, but that he also considered the medical record and Hasch's testimony not to support or require significant manipulative limitations. Plaintiff fails to show that the ALJ lacked substantial evidence to support his conclusion that she is able to "frequently handle, finger, and feel bilaterally" as part of her RFC, or that he did not offer a logical bridge between the medical evidence and his conclusion. [AR at 17.]

## Conclusion

As is true of every claimant for Social Security disability benefits, Angela Hasch has significant health challenges. But "having been diagnosed with these impairments does not mean they imposed particular restrictions on her ability to work." *Weaver v. Berryhill*, 746 Fed.Appx. 574, 578-79 (7th Cir. 2018). To qualify for benefits, Hasch bears

the burden "to establish not just the existence of the conditions, but to provide evidence that they support specific limitations affecting her capacity to work." *Id*. at 579. She has failed to do this, with respect to both her obesity and her elbow/wrist/hand impairments.

It is also important to recognize that the scope of judicial review is limited. I find that the ALJ sufficiently articulated his findings and conclusions to permit meaningful judicial review, so that a remand is not warranted for lack of explanation. Beyond that, my role is not to determine whether the plaintiff was, in fact, disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *Hawkins v. Saul*, 2019 WL 6492491, at *1 (7th Cir. Dec. 3, 2019). Applying these standards, I will affirm the denial of disability benefits, noting that, in my view, the record does not contain substantial evidence that could have supported a determination in Hasch's favor.

ACCORDINGLY:

The final decision of the Commissioner of Social Security denying plaintiff Angela Lynne Hasch's applications for child's insurance benefits and supplemental security income is AFFIRMED. The Clerk shall enter judgment in favor of defendant Commissioner and against plaintiff.

**SO ORDERED**.

ENTERED: February 10, 2020.

  /s/ Philip P. Simon             
**UNITED STATES DISTRICT JUDGE**